## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THOMAS RICHARDSON, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 21-12498 (PGS) (LHG) |
| | : | |
| v. | : | MEMORANDUM AND ORDER |
| | : | DISMISSING COMPLAINT WITHOUT |
| WARDEN CHARLES ELLIS, et al., | : | PREJUDICE AND GRANTING |
| | : | PLAINTIFF 30 DAYS TO AMEND THE |
| Defendants. | : | COMPLAINT |
| | : | |

**PETER G. SHERIDAN, U.S.D.J.**

### I.   INTRODUCTION

Plaintiff, Thomas Richardson ("Plaintiff" or "Richardson"), is a pretrial detainee currently lodged at the Mercer County Correctional Center ("MCCC"). He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this Court granted Plaintiff's request to proceed *in forma pauperis*. (*See* ECF 6).

This Court must screen the allegations of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim.

### II.   BACKGROUND

The allegations of the complaint are construed as true for purposes of this screening opinion. Plaintiff names the following as Defendants in this case: (1) Warden Charles Ellis –

Warden of MCCC; (2) Brian M. Huge – Owner MCCC[1]; (3) C.F.G. Health Service, LLC (hereinafter "C.F.G."); (4) Abraham Kamara; and (5) Charles Peterson.

Plaintiff states Defendants Kamara and Peterson went into his outgoing legal mail and retyped it. Plaintiff complained to Defendant Ellis about this incident and Ellis told Plaintiff he would investigate. Plaintiff states Kamara and Peterson are still tampering with his mail. This has caused Plaintiff to lose time as well as information in dealing with his attorney.

With respect to Defendant C.F.G., Plaintiff alleges he has so much stress that it has caused his blood pressure to rise. Plaintiff has gone back and forth to medical but medical staff do nothing.

Plaintiff seeks monetary damages as relief.

### III.   LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

---

[1] While not relevant to this opinion, presumably Plaintiff is referring to Brian Hughes, County Executive for Mercer County.

as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff is seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### IV. DISCUSSION

This Court construes Plaintiff as attempting to raise three separate and distinct claims; (1) deliberate indifference to his serious medical needs; (2) access to courts; and (3) opening and reading his legal mail. Each of these claims is considered in turn.

### A. Deliberate Indifference to Plaintiff's Serious Medical Needs

Plaintiff's claim for deliberate indifference to his serious medical needs is analyzed under the Fourteenth Amendment as Plaintiff is a pretrial detainee. *See Tapp v. Brazill*, 645 F. App'x 141, 145 n.4 (3d Cir. 2016). Nevertheless, the Eighth Amendment's "deliberate indifference" standard provides a guide to what, at a minimum, is owed to pretrial detainees. *See id.* (citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003)).

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility,* 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse,* 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any

4

> attempt to second-guess the propriety or adequacy of a particular course of treatment ... (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble,* 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins,* 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent,* 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard,* 492 F. App'x 230, 236 (3d Cir. 2012) (*quoting Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 347 (3d Cir. 1987))).

      Plaintiff fails to state a constitutional deliberate indifference claim. While he alludes to rising blood pressure, and even if this Court were to assume such constituted a serious medical need, Plaintiff fails to show with any facial plausibility that medical staff knew of Plaintiff's need for medical treatment but intentionally refused to provide it, delayed necessary medical treatment based on a non-medical reason or prevented Plaintiff from receiving needed or recommended treatment. Instead, his claim that his rising blood pressure was not treated by itself without more is conclusory which is insufficient to state a claim under *Iqbal*. Accordingly, Plaintiff's deliberate indifference claim is dismissed without prejudice for failure to state a claim upon which relief may be granted.

B.  <u>Access to Court</u>

Next, Plaintiff alleges the interference with his legal mail has caused him to lose information and time dealing with his attorney. This Court construes this allegation by Plaintiff as attempting to raise an access to court claim.

To allege an access-to-the-courts claim, a prisoner is required to show that the denial of access caused actual injury. *See Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). An [a]ctual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *See id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

Plaintiff makes no allegation of a non-frivolous or arguable claim he personally lost due to the purported tampering with his legal mail. Accordingly, his access to court claim is dismissed without prejudice for failure to state a claim upon which relief may be granted.

C.  <u>Interference with Legal Mail</u>

Finally, Plaintiff sues Defendants for directly interfering with his legal mail. To reiterate, Plaintiff alleges Defendants Kamara and Peterson retyped his legal mail. When Plaintiff complained to Defendant Ellis, he told Plaintiff that he would investigate. Plaintff further states that his mail is still being "tampered" with.

A plaintiff may state a First Amendment claim against a defendant who read his legal materials if he alleges that there was a pattern or practice of opening his legal mail outside of his presence. *See Schreane v. Holt*, 482 F. App'x 674, 676-77 (3d Cir. 2012) ("Prisoners may establish a violation of the First Amendment without establishing actual injury where there is a pattern and practice of opening properly marked incoming legal mail outside the prisoner's presence.") (citing *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006)); *see also Thompson v.*

6

*Hayman*, No. 09-1833, 2011 WL 2652185, at *5 (D.N.J. July 6, 2011) (same). However, absent a pattern or practice, a plaintiff fails to state a claim. *Accord Ortiz v. Prison Bd. Members*, No. 08-2126, 2011 WL 776195, at *4 (M.D. Pa. Feb. 28, 2011) (finding amended complaint failed to state First Amendment claim where there was no assertion that mail was opened outside of his presence pursuant to any pattern, practice or policy); *Hale v. Pennsylvania Dep't of Corr.*, No. 07-0345, 2010 WL 3791833, at *3 (M.D. Pa. Sept. 16, 2010) ("Isolated incidents of opening legal mail outside of an inmate's presence, without any evidence of improper motive, is nothing more than an assertion of negligence, and is insufficient to establish a constitutional violation.") (citations omitted).

    Plaintiff does not give particular dates or times his legal mail was purportedly opened. Nevertheless, he does at least allege some facts related to one instance where his legal mail was read outside of his presence when Defendants Kamara and Peterson purportedly retyped his legal mail. However, one instance in and of itself is insufficient to state a constitutional claim. Instead, Plaintiff must allege a pattern or practice.

    Plaintiff alleges though in general terms that his mail is still being tampered with. However, Plaintff gives no further details any facts concerning this purported "tampering." Without more facts concerning the nature of this purported "tampering," this Court cannot say that Plaintiff has alleged with facial plausibility that there is a pattern or practice of *reading* Plaintiff's legal mail. Furthermore, the one incident Plaintiff does describe of reading his legal mail as described above is insufficient in and of itself to state a constitutional claim. *See Hale*, 2010 WL 3791833, at *3. Therefore, this claim is also dismissed without prejudice for failure to state a claim upon which relief may be granted.

    D.  Additional Documents Filed by Plaintiff

Plaintiff filed a series of documents after he submitted his complaint in this action which this Court interprets as Plaintiff's attempt to add allegations and facts to his original complaint. (*See* ECF 5, 7-9). Plaintiff is not permitted to amend his complaint piecemeal. *See Lewis v. Sessions*, No. 17-5475, 2017 WL 7313822, at *2 (D.N.J. Nov. 3, 2017) ("neither Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits [a plaintiff] to submit numerous addenda to his Complaint in ... piecemeal fashion"). Accordingly, this Court has not considered these documents in the context of screening Plaintiff's complaint. Any attempt by Plaintiff to amend or supplement his pleading must conform to Federal Rule of Civil Procedure 15 and Local Civil Rule 7.1(f). Given though that this Court is dismissing the complaint in its entirety without prejudice, Plaintiff is of course free to include the information in these addenda filings in any subsequent *all-inclusive* amended complaint he may elect to file that corrects the deficiencies of his original complaint.

**V.    CONCLUSION**

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff shall have thirty (30) days in which to file a proposed amended complaint that corrects the deficiencies of his original complaint should he elect to do so.

**ORDER**

For the reasons stated above,

IT IS on this 7th day of January, 2022,

ORDERED that Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted; Plaintiff shall have thirty (30) days in which to submit a proposed amended complaint that corrects the deficiencies of his original complaint as outlined in the opinion should he elect to do so; and it is further

ORDERED the Clerk shall serve a copy of this order and the accompanying opinion on Plaintiff by regular U.S. mail; and it is further

ORDERED the Clerk shall mark this case as closed.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.