# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THOMAS RICHARDSON, | : | |
| Plaintiff, | : | Civ. No. 21-12498 (PGS) (LHG) |
| v. | : | |
| WARDEN CHARLES ELLIS, et al., | : | **MEMORANDUM & ORDER** |
| Defendants. | : | |

Plaintiff, Thomas Richardson ("Plaintiff" or "Richardson"), is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. On January 7, 2022, this Court dismissed the complaint without prejudice at screening. (*See* ECF 11). On March 30, 2022, this Court received a letter from Plaintiff which is construed as a request for reconsideration of the January 7, 2022 order. (*See* ECF 14). So that this request can be analyzed, the Clerk will be ordered to reopen this case.

Local Civil Rule 7.1 allows a party to seek a motion for re-argument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked ...." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See BeLong v. Raymond Int't Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993). In this circumstance, Local Rule 7.1(i) requires that a movant file his motion for reconsideration within fourteen (14) days of the date of the order.

To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). Mere disagreement with the Court's decision is not a basis for reconsideration. *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Initially, this Court notes that Plaintiff's request for reconsideration is untimely as it was not filed within fourteen days of this Court's January 7, 2022 order dismissing the complaint without prejudice. Nevertheless, even if Plaintiff's request was not untimely, it fails on the merits as well. Plaintiff argues that his case should not be closed. However, he provides no arguments whatsoever with any specificity that: (1) there has been an intervening change in law; (2) there is new evidence that was not previously available; or (3) there is a need to correct a clear error of law or to prevent manifest injustice. Accordingly, Plaintiff's request for reconsideration will be denied.

Therefore, IT IS on this __6__ day of April, 2022,

ORDERED that the Clerk shall reopen this case so that Plaintiff's letter (ECF 14), which this Court construes as a request for reconsideration can be analyzed; and it is further

ORDERED that Plaintiff's request for reconsideration (ECF 14) is denied; and it is further

ORDERED that the Clerk shall serve this memorandum and order on Plaintiff by regular U.S. mail; and it is further

ORDERED that the Clerk shall reclose this case.


PETER G. SHERIDAN
United States District Judge